```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS A. LUBRANO,                          MEMORANDUM & ORDER
                                            10-CV-2598(JS)(AKT)

                    Plaintiff,

        -against-

THE STATE OF NEW YORK, THE COUNTY OF
SUFFOLK, THE TOWN OF BROOKHAVEN, DAVID A.
PATERSON, STEVE LEVY, MARK LESKO,

                    Defendants.
----------------------------------------X
```

APPEARANCES:
For Plaintiff:          Thomas A. Lubrano, pro se
                        (no address listed)

For Defendants:

Suffolk County Def's    Rudolph Max Baptiste, Esq.
                        Suffolk County, Department of Law
                        General Litigation
                        H. Lee Dennison Building
                        100 Veterans Memorial Highway, 5th Fl.
                        P.O. Box 6100
                        Hauppauge, NY 11788

Town of Brookhaven Def's David T. Fowler, Esq.
                        Teresa Campano, Esq.
                        McCabe, Collins McGeough & Fowler, LLP
                        346 Westbury Avenue
                        Carle Place, NY 11514

State of N.Y. Def's     No appearances.

SEYBERT, District Judge:

    Defendants have written to the Court requesting clarification regarding what briefing schedule applies to their proposed motions to dismiss. See Docket Nos. 11, 21, 22. As far as the Court can figure, at least the New York State and

Suffolk County Defendants contend that they have neither been properly served, nor waived service. Thus, these Defendants contend that Rule 12(a)'s timeframes do not apply to their proposed motions. The Court rules as follows:

The New York State Defendants[1] and Suffolk County Defendants shall file and serve their moving papers by January 31, 2011. The New York State Defendants, who are apparently aware of this litigation (see Docket No. 11), are directed to file a Notice of Appearance before that date.

The Town of Brookhaven Defendants' proposed motion to dismiss is a different matter. On August 6, 2010, these Defendants filed a Verified Answer. Thus, they can no longer move to dismiss under Fed. R. Civ. P. 12(b), because, as the Rule itself states, "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." See, e.g., Diez v. Wash. Mut. Bank, 09-CV-2390, 2010 U.S. Dist. LEXIS 135457, at *1 (E.D.N.Y. Dec. 21, 2010) (denying a post-answer Rule 12(b)(6) motion as "improper"); Federal Ins. Co. v. M/V Villr D'Aquarius, 08-CV-8997, 2009 WL 3398266, *3 (S.D.N.Y. 2009) (Rule 12(b)(6) motion cannot be made after an answer); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 971 n.6 (11th Cir. 2002). To that end, absent both explanation and the Court's express permission, the Court will not entertain a Rule

---

[1] New York State and former Governor David A. Paterson.

12(b) motion from the Town of Brookhaven Defendants. If the Town of Brookhaven Defendants seek dismissal under some other rule[2] (e.g., a FED. R. CIV. P. 37 motion predicated on a failure to comply with discovery), that motion should be filed by January 31, 2011.

Plaintiff shall respond to any motions to dismiss by February 28, 2011. Replies, if any, are due March 14, 2011.

The Clerk of the Court is directed to serve a copy of this Order upon:

Susan M. Connolly, Esq.
State of New York
Office of the Attorney General
Suffolk Regional Office
300 Motor Parkway, Suite 205
Hauppauge, NY 11788

                                          SO ORDERED.

                                          /s/ JOANNA SEYBERT
                                          Joanna Seybert, U.S.D.J.

Dated:    January 4, 2011
           Central Islip, New York

---

[2] The Town of Brookhaven Defendants' letter mentioned only a "motion to dismiss," and did not specify an applicable federal rule.