```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS A. LUBRANO,

                Plaintiff,                  MEMORANDUM & ORDER
                                            10-CV-2598 (JS)(AKT)
        -against-

THE STATE OF NEW YORK, ET AL.,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:          Thomas A. Lubrano, pro se
                        P.O. Box 297
                        Shirley, NY 11967


For Defendants:

Suffolk County Defs.    Rudolph Max Baptiste, Esq.
                        Suffolk County, Department of Law
                        H. Lee Dennison Building, 5th Floor
                        100 Veterans Memorial Highway
                        P.O. Box 6100
                        Hauppauge, NY 11788

Brookhaven Defs.        David T. Fowler, Esq.
                        Teresa Campano, Esq.
                        McCabe, Collins McGeough & Fowler, LLP
                        346 Westbury Avenue
                        Carle Place, NY 11514

N.Y.S. Defs.            Susan M. Connolly, Esq.
                        N.Y.S. Office of the Attorney General
                        300 Motor Parkway, Suite 205
                        Hauppauge, NY 11788
```

SEYBERT, District Judge

Pending before the Court are two motions to dismiss, one filed by Defendants Suffolk County and Steve Levy ("Suffolk County Defendants"), and the other filed by New York State and

then-Governor David Paterson ("New York State Defendants"). For the following reasons, these motions are GRANTED.[1]

BACKGROUND

Plaintiff Thomas A. Lubrano, pro se, is a citizen and resident of the United States. (Compl. ¶ A.) Plaintiff alleges that, on September 24, 2004, the State of New York, Suffolk County, and the Town of Brookhaven conspired to seize his 1987 Ford Thunderbird, under "Section 1224" of the "Abandoned Vehicles Law." (Compl. ¶¶ 2, 3.) This theft, Plaintiff claims, violated 42 U.S.C. § 1983, entitling him to $3 million in compensatory damages. (Compl. ¶ 4 & "Legal Demands.")

---

[1] Plaintiff has also sued the Town of Brookhaven and Supervisor Mark Lesko ("Brookhaven Defendants"). The Brookhaven Defendants answered Plaintiff's Complaint and then, four months later, curiously sought to move to dismiss under FED. R. CIV. P. 12(b)(6). The Court denied this request, noting that the filing of an answer waives the right to file a Rule 12(b)(6) motion. See Docket No 23; Electronic Order dated January 11, 2011. However, with the filing of this Order, the Brookhaven Defendants are the only Defendants left in this case. And, as they have already answered, the pleadings have closed. Thus, the Brookhaven Defendants can now move for judgment on the pleadings under Fed. R. Civ. P. 12(c). Given this opinion, and the law of the case doctrine, extensive briefing will not be required. A short letter motion will suffice.

DISCUSSION

I. Standard of Review

In deciding FED. R. CIV. P. 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft); Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC, 595 F.3d 86, 91 (2d Cir. 2010). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Pro se plaintiffs enjoy a somewhat more liberal pleading standard. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent

3

standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, pro se plaintiffs must still "comport with the procedural and substantive rules of law." Javino v. Town of Brookhaven, 06-CV-1245, 2008 U.S. Dist. LEXIS 17323, at *3 (E.D.N.Y. Mar. 4, 2008).

II. Application to the Pending Motions

The pending motions to dismiss identify several persuasive reasons why Plaintiff's Complaint must be dismissed. This Court need reach only one: the statute of limitations. See generally Perez v. Hoblock, 368 F.3d 166, 172 (2d Cir. 2004) (it is "unnecessary to reach" a "complicated issue" if "there is a more straightforward and well-settled basis" for dismissing a claim).

In 42 U.S.C. § 1983 actions, the applicable limitations period is found in the "general or residual [state] statute [of limitations] for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). Thus, § 1983 actions predicated on New York-based conduct have a three-year limitations period. Pearl, 296 F.3d at 79; N.Y. C.P.L.R. § 214(5). Federal law determines when such claims accrue, but New York law then determines "whether the limitations period has been tolled, unless state tolling rules

4

would defeat the goals of section 1983." Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir. 2007).

Here, Plaintiff's claim accrued on or near September 24, 2004, when Defendants allegedly stole his car. It was around then that Plaintiff knew, or should have known, that his car was missing. See Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm.") (internal citations and quotations omitted). Thus, absent tolling, his claim expired sometime in late-September or early-October 2007.[2]

Plaintiff provides no basis to toll the statute of limitations, and the Court can find none. Instead, Plaintiff argues, incorrectly, that "there [is] no statute of limitations when the fault lies with the Government" or when the cause of action stems from "the Constitution, Bill of Rights, 42 USC 1983, Title 18 241, 242 of the Federal Code." Docket No. 35 at 12, Docket No. 36 at 10-11.

---

[2] Depending on the circumstances, it is not unreasonable to suggest that Plaintiff's cause of action did not accrue until a few days or weeks after Defendants allegedly seized his car. If, for example, Plaintiff was travelling, he might not have had reason to learn of the harm until he returned home. No such facts are, however, pled in the Complaint.

Consequently, the Court finds that Plaintiff's limitations period ended no later than early-October 2007. Plaintiff did not, however, commence this action until June 8, 2010, more than two and a half years later. It follows then that this action is time-barred, and must be DISMISSED.

## CONCLUSION

The two pending motions to dismiss (Docket Nos. 25, 30) are GRANTED. The Clerk of the Court is directed to terminate the Suffolk County and New York State Defendants from this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  30 , 2011
       Central Islip, New York