```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS A. LUBRANO,

                        Plaintiff,        MEMORANDUM & ORDER
                                          10-CV-2598(JS)(AKT)
        -against-

STATE OF NEW YORK, COUNTY OF SUFFOLK,
TOWN OF BROOKHAVEN, DAVID A. PATERSON,
Governor of New York, STEVE LEVY,
Executive of Suffolk County, MARK
LESKO, Supervisor of Town of Brookhaven,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Thomas A. Lubrano, pro se
                        P.O. Box 297
                        Shirley, NY 11967

For Defendants:
Suffolk County Defs.    Rudolph Max Baptiste, Esq.
                        Suffolk County, Department of Law
                        H. Lee Dennison Building, 5th Floor
                        100 Veterans Memorial Highway
                        P.O. Box 6100
                        Hauppauge, NY 11788

Brookhaven Defs.        David T. Fowler, Esq.
                        Teresa Campano, Esq.
                        McCabe, Collins McGeough & Fowler, LLP
                        346 Westbury Avenue
                        Carle Place, NY 11514

N.Y.S. Defs.            Susan M. Connolly, Esq.
                        N.Y.S. Office of the Attorney General
                        300 Motor Parkway, Suite 205
                        Hauppauge, NY 11788
```

SEYBERT, District Judge:

Pending before the Court is Defendant Town of Brookhaven and Defendant Mark Lesko's ("Brookhaven Defendants")

unopposed motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, the Brookhaven Defendants' motion is GRANTED.

BACKGROUND

Plaintiff Thomas Lubrano commenced this action on June 8, 2010 against the State of New York and David A. Paterson (the "N.Y.S. Defendants"), Suffolk County and Steve Levy (the "Suffolk County Defendants"), and the Brookhaven Defendants claiming that they violated 42 U.S.C. § 1983 when they conspired to seize and did seize his 1987 Ford Thunderbird on September 24, 2004. The Brookhaven Defendants filed their Verified Answer on August 6, 2010 (Docket Entry 2), and the Suffolk County and N.Y.S. Defendants moved to dismiss the Complaint on January 31 and February 1, 2011 respectively (Docket Entries 25, 30.) On March 30, 2011, the Court granted the Suffolk County and N.Y.S. Defendants' motions to dismiss, holding that Plaintiff's claims are time-barred under the applicable statute of limitations (Docket Entry 39). Lubrano v. New York, No. 10-CV-2598, 2011 WL 1303380, at *1-2 (E.D.N.Y. Mar. 30, 2011). On April 1, 2011, the Brookhaven Defendants filed the motion for judgment on the pleadings that is presently before the Court.[1] (Docket Entry 40.)

---

[1] On April 22, 2011, Plaintiff filed a notice of appeal of the Court's March 30, 2011 dismissal of the Suffolk County and

2

DISCUSSION

I. <u>Standard of Review</u>

The standard for evaluating a motion for judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b). <u>See</u> <u>Karedes v. Ackerley Grp., Inc.</u>, 423 F.3d 107, 113 (2d Cir. 2005). In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Harris</u>, 572 F.3d at 72 (alteration in original) (quoting <u>Ashcroft</u>, 129 S. Ct. at 1949). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). <u>Id.</u> Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

---

N.Y.S. Defendants. (Docket Entry 41.) As this is an appeal from a non-final order taken without first obtaining leave to appeal, it does not divest this Court of jurisdiction to decide the pending motion. See Midland Asphalt Corp. v. United States, 489 U.S. 794, 798, 109 S. Ct. 1494, 103 L. Ed. 2d 879 (1989); 28 U.S.C. § 1291.

3

II. Applicable Statute of Limitations

As the Court held in its March 2011 Order, the applicable limitations period for Plaintiff's § 1983 action is three years from the date that "[P]laintiff knows or has reason to know of the harm." 2011 WL 1303380, at *1-2 (quoting Shomo v. City of N.Y., 579 F.3d 176, 181 (2d Cir. 2009)). Plaintiff knew or had reason to know that his car was missing on or around September 24, 2004--the date he alleges that Defendants unlawfully seized it. Therefore, his claim expired on or around September 24, 2007, and his action must be DISMISSED as time-barred.

## CONCLUSION

For the foregoing reasons, the Brookhaven Defendants' motion for judgment on the pleadings is GRANTED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and mark this matter closed.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:  November  22 , 2011
        Central Islip, NY